In re Diez Hermanos, S. en C.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 119.—Resuelto en Diciembre 20, 1904.

Suspensión de Pago—Relación de Acreedores y Deudores.—La relación de acreedores y deudores á que se refiere el artículo 2 de la Orden General número 224 sobre suspensión de pagos, deberá presentarse necesariamente dentro de los diez dias siguientes á la presentación de la solicitud en que se interese la declaratoria de suspensión, y si no se cumpliere tal requisito, la solicitud deberá desestimarse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Alvarez Nava.*

El Juez Asociado Sr. Wolf, emitió la opinión del Tribunal.

El presente es un recurso de apelación interpuesto contra una providencia dictada por la Corte de Distrito de Mayagüez, desestimando una solicitud para suspensión de pagos. La petición para la suspensión se entendía hecha de acuerdo con las disposiciones de la Orden General No. 224, y fué presentada en 18 de Julio de 1903. En la misma fecha la Corte dictó una providencia exigiendo, que el peticionario cumpliera con las disposiciones de dicha Orden General. En 24 del mismo mes el abogado del peticionario compareció en la Corte y fué notificado de la providencia de la misma. En el dia 15 de Agosto de 1903 el peticionario presentó una declaración jurada de activo y pasivo. De modo que la presentación de dicha declaración tuvo lugar más de diez dias despues de la presentación de la petición original.

Tuvo lugar la vista de este recurso en 29 de Noviembre de 1904, con asistencia del abogado defensor del apelante, quien alegó que los diez dias á que hace referencia la sección 2ª. de la Orden General número 224, deben contarse desde la fecha en que dicho peticionario fué notificado de la providencia de la Corte.

La ley no expresa ninguna razón que justifíque una orden de parte del Tribunal, ni necesidad alguna para notificar al peticionario. El mismo se comprometió á presentar la relación dentro del término de diez dias de haber presentado su solicitud, y no fué necesario otra notificación. Pero no es necesario considerar este extremo.

La copia en Español de la Orden General prescribe (en sus secciones 1 y 2) lo siguiente:

I.—Todo comerciante podrá constituirse en estado de suspensión de pagos dentro de las 48 horas siguientes á habérsele reclamado judicial ó extrajudicialmente, una obligación de plazo vencido.

II.—Es indispensable que, dentro de diez días se presente rela-

ción de acreedores y deudores con expresión de las sumas·debidas á cada acreedor, y una memoria en que se indiquen las causas que han producido tal estado y también la proposición de quita ó espera ó de ambas cosas, que se hace á los acreedores.''

La sección 2ª. parece ser muy clara al efecto de que los diez días á que se refiere deben contarse desde la fecha de la presentación de la solicitud.

Sin embargo, la copia original en Inglés de dicha·orden dice así:

I.—Any merchant may make legal announcement·of his having suspended payment, within forty-eight hours next following the judicial or extrajudicial demand for payment of an obligation due and payable to him.

II.—Within ten days thereafter·it shall be his duty to file a sworn statement of his liabilities and assets, specifying the amount due to each creditor, the same to be accompanied by a report of the causes which led to his embarrassment and the proposition he makes for settlement with his creditors''.

Si la copia, española es algo dudosa, las palabras *within ten days thereafter,* en la original son conclusivas.

La disposiciones de la Ley son claras y mandatorias y la providencia de la Corte desestimando la·petición debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y MacLeary.